DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Sandusky County Court of Common Pleas wherein appellant, Timothy J. Brown, was convicted on one count of endangering children and two counts of gross sexual imposition. Appellant asserts the following assignment of error:
 "AS APPELLATE REVIEW IS THE ONLY MEANS TO ENSURE THAT SENTENCES AT THE MARGINS OF THE SENTENCING RANGES ARE NEITHER RANDOM, CAPRI CIOUS, NOT IN VIOLATION OF DUE PROCESS PRIN CIPLES, THIS COURT SHOULD REQUIRE A TRIAL COURT TO PROVIDE SPECIFIC FACTS RATIONALE SUPPORTING A COURTS STATUTORY FINDINGS BEFORE ALLOWING A COURT TO IMPOSE CONSECUTIVE SEN TENCES IN ACCORD WITH R.C. 2929.14."
This case began with a twenty-six count indictment charging appellant with gross sexual imposition and rape. The indictment alleged that appellant engaged in unlawful sexual behavior with his two minor, adopted daughters, for a period of time that spanned eleven years. Appellant ultimately entered guilty pleas to three of the twenty-six counts. He was sentenced to a prison term of not less than five nor more than fifteen years for the pre-senate bill 2 offense of endangering children, a violation of R.C. 2919.12(B)(3) and a second degree felony. Appellant was sentenced to a determinate two year term for the pre-senate bill 2 offense of gross sexual imposition, a violation of R.C. 2907.05(A)(4) and a third degree felony. Lastly, appellant was sentence to a five year prison term for the post-senate bill 2 offense of gross sexual imposition, a violation of R.C.2907.05(A)(1) and a third degree felony. The court ordered all of the sentences served consecutively.
R.C. 2929.19(B)(2)(c) states in pertinent part:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
R.C. 2929.14(E)(4) states in pertinent part:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportion ate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal con duct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
In State v. Edmonson[1] (1999), 86 Ohio St.3d 324,326, the Ohio Supreme Court, construing R.C. 2929.14(B), noted that "[I]n R.C. 2929.19(B)(2)(b), the General Assembly requires a court to provide a finding and an explanation by stating that the court shall set forth `the basis of the findings it made.'" Appellant acknowledges that the trial court set forth, on the record, a statutory basis for sentencing appellant consecutively. Specifically, the trial court stated at the sentencing hearing:
 "[T]he court finds that it is necessary to protect the public and punish the offender that these sentences be served consecutively. The court finds that such action is not disproportionate to the conduct of the defendant and that the harm he caused is so great that concurrent terms would not properly reflect the seriousness of his conduct."
Appellant contends that the trial judge erred in failing to set forth its reasons for making the above findings. We disagree. In sentencing appellant, the judge emphasized the parent-child relationship appellant had with his victims making his offense "the most egregious, the worst of any conduct which could be committed in this offense." The judge also referred to a Court Diagnostic and Treatment Center report which concluded that there was a high likelihood appellant would reoffend. Viewing appellant's sentencing hearing in its entirety, we find that the trial judge did set forth his reasons for sentencing appellant consecutively. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J., MELVIN L. RESNICK, J., and MARK L. PIETRYKOWSKI, J., concur.
[1] In contrast, the Edmonson court found that R.C.2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.